IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**MICHAEL BROWN**                                                                 **PLAINTIFF**

**VS.**                                    **CIVIL ACTION NO: 3:13-cv-893-DCB-MTP**

**AE MFG, INC.**                                                                **DEFENDANT**

**ORDER DENYING MOTION TO DISMISS**

This matter is before the Court on Defendant's, AE MFG, Inc., Motion to Dismiss **[docket entry no. 13]** and the Court's Order to Show Cause **[docket entry no. 14]**. The Court finds as follows:

The current motion arises from a discovery dispute between the parties. After removal, Plaintiff Michael Brown participated little in the prosecution of his case,[1] leading Defendant AE MFG, Inc., to file a motion to compel. See Mot. Compel, ECF No. 11. Magistrate Judge Michael T. Parker ordered an expedited response, if any, from Brown. Brown did not respond. Thereafter, Judge Parker entered an order granting AE MFG's motion as unopposed and extending the discovery deadline. Order, ECF No. 12. Brown did not propound any discovery or in any way respond to Judge Parker's order, and the discovery deadline passed on August 15, 2014. Thereafter, AE MFG

---

[1] The Court previously found that Brown had only participated in a case management conference and filed a joint motion to extend discovery deadlines. Order Show Cause p. 1, ECF No. 14.

1

moved to dismiss this case without prejudice under Federal Rule of Civil Procedure 37(b)(2) as a sanction for Brown's failure to comply with a discovery order. AE MFG alternatively requested that the Court extend the discovery deadline and issue another scheduling order to allow time to complete discovery. Mot. Dismiss p. 2-3, ECF No. 13. Brown did not respond in any way to the motion to dismiss, leading this Court to enter a show cause order. See Order Show Cause, ECF No. 14. The Court enumerated the available sanctions under Rule 37(b)(2)[2] and raised the specter of its authority under Rule 41(b) to dismiss a case with prejudice for failure to prosecute. Order Show Cause p. 2-3. The Court ordered that Brown show cause why the motion to dismiss should not be granted and "address why he has not responded to Defendant's interrogatories and requests for production or the Magistrate Judge's Order." Order Show Cause p. 3. In response, Brown filed notices of his responses to interrogatories and requests for production. See Notice Service Resp. Interrogs., ECF No. 16; Notice Service Resp. Req. Produc., ECF No. 17. Brown did not explain his failure to comply with Judge Parker's order or the delay in his responses.

While the Court finds that Brown, at best, partially complied with the letter of its order, the true object of AE MFG's motion to

---

[2] All references in this opinion are to the Federal Rules of Civil Procedure unless otherwise noted.

dismiss was to get this case moving towards a resolution on the merits. The Court finds that with the notice of Brown's responses, that object has been achieved. Therefore, the Court will deny AE MFG's motion and order that the parties confer with Judge Parker to set a new scheduling order. If, however, Brown continues to disregard court orders or discovery deadlines, this behavior will weigh heavily in the Court's consideration of any future motions to dismiss.

    Accordingly,

    IT IS HEREBY ORDERED that the Defendant's Motion to Dismiss is DENIED.

    FURTHER ORDERED that the parties shall contact the Chambers of Magistrate Judge Michael T. Parker within seven (7) days of entry of this Order for purposes of setting a new scheduling order.

    SO ORDERED this the 3rd day of November 2014.

                                           /s/ David Bramlette
                                         UNITED STATES DISTRICT JUDGE