**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**MICHAEL BROWN**                                                                 **PLAINTIFF**

**VS.**                                            **CIVIL ACTION NO: 3:13-cv-893-DCB-MTP**

**AE MFG, INC.**                                                                 **DEFENDANT**

**ORDER GRANTING MOTION TO DISMISS**

This cause is before the Court on Defendant's, AE MFG, Inc., Motions to Dismiss **[docket entries no. 23 and 27]**. Having considered the motions, applicable statutory and case law, and being otherwise fully informed in the premises, the Court finds as follows:

I. Factual and Procedural Background

Plaintiff Michael Brown initiated this case on July 17, 2013 in the County Court of Warren County, Mississippi. AE MFG, Inc., ("AE MFG") timely removed this case on September 5, 2013, alleging diversity jurisdiction. See Notice Removal, ECF No. 1. The parties participated in a Telephonic Case Management Conference on November 13, 2013. See Case Management Order, ECF No. 5. The parties also filed a joint motion to extend the discovery and motion deadlines on April 1, 2014. See Mot. Extend Discovery & Motion Deadline, ECF No. 9. On July 25, 2014, AE MFG filed a motion to compel because Brown had not responded to AE MFG's interrogatories or requests for

1

production of documents. Mot. Compel, ECF No. 11. Brown did not respond to the motion, and the Magistrate Judge issued an order compelling Brown to propound discovery and resetting the discovery deadline on August 7, 2014. Order, ECF No. 12. Brown took no action in response to this order, prompting AE MFG to file a motion to dismiss. Mot. Dismiss, ECF No. 13. Two months after the motion had been filed and with no response from Brown, the Court entered a show cause order, ordering Brown to show cause why the case should not be dismissed and to "address why he has not responded to Defendant's interrogatories and requests for production or the Magistrate Judge's Order." Order 3, ECF No. 14. In lieu of a response to the show cause order, Brown filed notices of service of his responses to AE MFG's interrogatories and requests for production. See Notice Service Resp. Interrogs., ECF No. 16; Notice Service Resp. Req. Produc., ECF No. 17. Thereafter on November 3, 2014, the Court entered an order denying AE MFG's motion to dismiss and warning Brown that if he continued "to disregard court orders or discovery deadlines, this behavior [would] weigh heavily in the Court's consideration of any future motions to dismiss." Order 3, ECF No. 18.

The Magistrate Judge then held a scheduling conference with the parties on November 17, 2014, and amended the case management order. On February 27, 2015, AE MFG filed a second motion to compel because Brown had not provided any response to the requests for

production, despite having noticed the Court of just such a response. Second Mot. Compel, ECF No. 21. The Magistrate Judge granted the motion on March 18, 2015, and ordered Brown to "respond to Defendant's requests for production of documents without objection and produce the documents at issue" by March 25, 2015. Order 2, ECF No. 22. On March 26, 2015, AE MFG filed a second motion to dismiss because Brown did not produce the ordered documents. Mot. Dismiss, ECF No. 23. The Court entered a show cause order, ordering Brown not only to produce the requested documents but also to explain his discovery conduct to the Court. Order 4, ECF No. 24. Brown moved for additional time to respond to the Court's order, which the Court granted. See Order, ECF No. 26.

On June 4, 2015, AE MFG filed a third motion to dismiss arguing the same grounds but including Brown's latest behavior. The Court held two telephonic conferences on June 17th and June 24th related to the motions to dismiss. Plaintiff's counsel indicated to the Court that he would move to substitute counsel.

A little before noon on July 2, 2015, the Court entered another show cause order, directing plaintiff's counsel to inform the Court of substitute counsel within three days time. Order, ECF No. 28. A little before one o'clock that same day, Brown filed a notice of service of response to requests for production. See Notice Service Resp. Req. Produc., ECF No. 29. Plaintiff's counsel did not inform the Court of anything regarding substitute counsel.

On July 27, 2015, the Court corresponded with the parties by email to inquire as to whether the motions to dismiss were still being pursued, and, if so, directed AE MFG to file a notice on the docket within ten days. On August 3, 2015, the Court noticed the previously scheduled pre-trial conference. On August 6, 2015, AE MFG filed a Notice to Court of Discovery Deficiencies, indicating that the motions to dismiss were still being pursued. See Notice, ECF No. 31. On August 14, 2015, in light of the notice from AE MFG, the Court entered an order to show cause and cancelling the pretrial conference. Order, ECF No. 32. In that order, the Court directed Brown to show cause why his case should not be dismissed for failure to comply with multiple court orders and for failure to address discovery deficiencies by August 24, 2015. Brown has not responded.

## II. Analysis

AE MFG argues that the Court should dismiss the case under Federal Rule of Civil Procedure 37(b)(2). Rule 37(b)(2)[1] authorizes a district court to sanction a party for failure to comply with a discovery order. The available sanctions include:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposed of the action as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

---

[1] All references in this order are to the Federal Rules of Civil Procedure unless otherwise noted.

> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party; or
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii). Brown has clearly failed to comply with multiple orders of this court related to discovery and has only minimally participated in the prosecution of his case. Therefore, the Court will dismiss the case without prejudice as a sanction.

### III. Order

IT IS HEREBY ORDERED that the Motion to Dismiss **[23]** is GRANTED.

FURTHER ORDERED that the Motion to Dismiss **[27]** is DENIED as MOOT.

A final judgment dismissing the case will follow in accordance with Federal Rule of Civil Procedure 58.

SO ORDERED, this the 31st day of August 2015.

                               /s/ David Bramlette
                               UNITED STATES DISTRICT JUDGE